1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8  KEITH MORRIS HALE,                    )
                                          )
9            Petitioner,                  )
                                          )   No. CIV 08-551-TUC-CKJ
10  vs.                                   )
                                          )        **ORDER**
11  DORA B. SCHRIRO, et al.,              )
                                          )
12           Respondents.                 )
   _____      )

13
          Pending before the Court is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas
14
   Corpus by a Person in State Custody filed by Keith Morris Hale ("Hale"). Respondents have
15
   filed an Answer.
16

17
   *Factual and Procedural Background*
18
          The Court of Appeals of Arizona summarized the state trial court proceedings as
19
   follows:
20
          Hale was initially charged as to victim M. with two counts of molestation of a child
21        and one count each of sexual conduct with a minor under fifteen and sexual abuse of
          a minor under fifteen. He was also charged with one count of molestation of a child
22        as to victim S. During trial the court dismissed one count of molestation as to M. At
          the close of the evidence, defense counsel moved for a judgment of acquittal on the
23        remaining counts under Rule 20(a), Ariz.R.Crim.P. 17 A.R.S., and also moved for a
          mistrial. The court granted a judgment of acquittal on the count involving S. and
24        denied it on the counts involving M. The court also denied the motion for a mistrial.

25  Petition, Doc. # 1, p. 36 of 40.[1]  The Court of appeals also stated:

26

27  _____

28        [1]The attachments to the Petition are not labeled as separate exhibits. The Court will
   cite to the CM/ECF document number and page number.

Following a jury trial conducted in his absence, petitioner Keith Hale was convicted of molestation of a child, sexual conduct with a minor, and sexual abuse. The trial court sentenced Hale to concurrent, presumptive, seventeen- and five- year prison terms for the molestation and sexual abuse convictions and to a consecutive term of life imprisonment for the sexual conduct conviction.

Petition, Doc. # 1-1, pp. 54-55 of 78.

On September 29, 2004, the Court of Appeals of Arizona affirmed Hale's convictions and sentences. On April 19, 2005, the Supreme Court of Arizona denied review.

On February 14, 2006, Hale filed a Petition for Post-Conviction Relief.[2] Hale asserted that counsel was ineffective for (1) not making an opening statement, not making a closing argument, and not presenting a defense and (2) not conveying the State's plea offer to Hale. Petition, Doc. # 1-1, pp. 22-23 of 78. In making these claims, Hale asserted that counsel had conducted minimal cross-examination of the State's witnesses and only called one witness. Petition, Doc. # 1-1, pp. 24 of 78. Hale also asserted that he should not have been considered voluntarily absent from trial because counsel had allegedly implied that Hale should flee. Petition, Doc. # 1-1, pp. 23 of 78. On May 26, 2006, the post-conviction court denied relief. On December 20, 2006, the Court of Appeals concluded that the post-conviction court did not abuse its discretion in denying relief and by dismissing the petition without an evidentiary hearing. On June 5, 2007, the Supreme Court denied review.

On or about October 5, 2008, Hale filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. On January 13, 2009, Respondents filed an Answer. Although this Court had advised Hale that he could file a reply within 30 days from the date of service of the Answer, *see* October 20, 2008, Order, Hale has not filed a Reply.

In his Petition, Hale asserts that "[t]rial counsel was ineffective when he abdicated his role as defense counsel by failing to make an opening statement, failing to make a closing argument, and presenting no defense at all to the jury." Petition, Doc. # 1, p. 6 of 40. Hale asserts that counsel failed to meaningfully challenge the State's witnesses and only called one

---

[2]The Notice of Post-Conviction Relief was filed on or about May 19, 2005.

witness. Hale also asserts that counsel was "ineffective for failing to convey the State's plea offer to [him]." *Id*. at p. 7 of 40.

*Statute of Limitations*

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

Hale's direct review concluded on July 18, 2005, or 90 days after the Arizona Supreme Court denied his petition for review on April 19, 2005. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Additionally, Hale tolled the statute of limitations by filing a notice of post-conviction relief. The statute of limitations was tolled until June 5, 2007, when the Arizona Supreme Court notified Hale that the petition for review had been denied.[3] In addressing this issue in the context of Arizona's Rules 32 proceeding, the Ninth Circuit stated:

> Here, the matter was determined by the Arizona Supreme Court on February 20, 2003, when it denied review. There was nothing left for it to do and it thus returned the record to the appeals court. The subsequent March 19, 2003, letter from the clerk of the court of appeals was not a mandate, but instead was the performance of a ministerial function of returning the record to the trial court. We conclude that after the February 20, 2003, denial by the Arizona Supreme Court, nothing remained "pending" for purposes of § 2244(d)(2). Accordingly, the statute of limitations set forth in § 2244(d)(1) began running again on this date.

---

[3]The limitations period is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the state courts. 28 U.S.C. § 2244(d)(2).

*Hemmerle*, 495 F.3d 1069, 1077 (9th Cir. 2007); *see also Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

Therefore, Hale had 365 days from June 5, 2007, or until June 5, 2008, to file his federal habeas petition. However, Hale did not file his Petition until October 5, 2008.

*Equitable Tolling of Limitations Period*

The United States Supreme Court has determined that 28 U.S.C. § 2244(d) allows for equitable tolling. *See Holland v. Florida*, — S.Ct. —, 2010 WL 2346549 (June 14, 2010); *see also Lawrence v. Florida*; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1815, 161 L.Ed.2d 669 (2005); *Harris v. Carter*, 515 F.3d 1051, 1054-57 (9th Cir. 2008); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008 n. 2 (9th Cir. 2009).

Equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (internal quotation marks omitted); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule"); *Shannon*, 410 F.3d at 1090 ("Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials, or occasionally, by the petitioner's counsel."); *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006). However, "[t]he 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.'" *Holland*, 2010 WL at *12, *quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Hale bears the burden of establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 2010 WL at * 12, *quoting Pace*, 544 U.S. at 418.

Hales asserts that he "was in the process of receiving the rest of [his] appeals when [he] was moved to three different ADOC yards from the beginning of April thru the end of

- 4 -

June," causing delay in "receiving and compiling [] information for [his] habeas petition." Petition, Doc. # 1, p. 12 of 40.  As pointed out by Respondents, Hale does not specify the year to which he is referring.  Even if the Court were to assume Hale is referring to 2007 or 2008, Hale has not provided any facts to support his claim (e.g., identification of the yards). Moreover, Hale does not explain why the movements for three months prevented him from preparing the Petition in the remaining time.  *See United States v. Van Poyck*, 980 F.Supp. 1108 at 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days, including lack of access to law library, did not equitably toll statute of limitations); *see also Galaz v. Harrison*, No. 1:04CV05383TAGHC, 2006 WL 768813 (E.D.Cal. Mar. 27, 2006) (38 day delay due to prison lockdown did not equitably  toll statute of limitations); *Atkins v. Harris*, No. C 98-3188 MJJ(PR), 1999 WL 13719 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay.").  For example, Hale does not assert that he was occupied with other court proceedings or was without his legal papers during the year preceding the deadline.  *See Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001) (petitioner did not produce any evidence demonstrating the loss of access to habeas material for 27 days due to habeas transfer);  *Johnson v. McCaughtry*, 265 F.3d 559, 565-66 (9th Cir. 2001) (petitioner not entitled to equitable tolling where "substantial time elapsed when [he] had no motions or cases pending before any court).  Indeed, where a petitioner was confined in a special unit, without access to legal materials, for 17 days, the Fifth Circuit rejected an equitable tolling claim because the prisoner "still had over six months to complete his federal habeas petition after his return to his usual quarters[.]"  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

  Moreover, even if the Court were to assume that Hale was referring to 2008, Hale does not provide any basis for this Court to conclude that he was diligently pursuing his

rights when, following the yard movements through June 2008, Hale failed to file his Petition until October 5, 2008. *See Fisher*, 174 F.3d at 716 (in rejecting equitable tolling claim, court notes that "[i]f this event had occurred shortly before the required filing, [petitioner] would have a stronger case"). In considering this lack of diligence, the Court also considers that Hale's Petition raises the same claims as those raised in his Petition for Post-Conviction Relief.

Lastly, the Court agrees with Respondents that, even if the Court were to equitably toll the limitations period from April 1, 2008, through June 30, 2008, Hale's Petition was still untimely filed.

Hale has not shown that he has been pursuing his rights diligently and Hale has not established that some extraordinary circumstance prevented Hale from timely filing a habeas petition. It is Hale's burden to establish equitable tolling and he has not provided any allegations or evidence showing that he is entitled to equitable tolling. Hale has failed to meet the "very high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness. Rather, it appears that Hale's lack of diligence caused his failure to meet the AEDPA's one year statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

The Court finds that Hale has failed to establish that he is entitled to equitable tolling. Hale's habeas petition, therefore, is untimely.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking

a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

This Court determined that Hale's Petition is untimely under the one-year statute of limitations of the AEDPA. This Court further determined that Hale has failed to establish that he is entitled to equitable tolling and that, even if Hale had established that he was entitled to equitable tolling, the Petition was still not filed before the extended expiration of the limitations period. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Hale's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1.      Hale's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED WITH PREJUDICE;

1     2.     The Clerk of the Court shall enter judgment and shall then close its file in this

2 matter, and;.

3     3.     A Certificate of Appealability shall not issue in this case.

4     DATED this 22nd day of June, 2010.

Cindy K. Jorgenson
United States District Judge